**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | 1:06-cv-53-SEB-VSS |
| | ) | IP00-42-CR-01-B/F |
| AURELIO P. JIMENEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

Defendant Breland's motion to alter or amend judgment filed in 3:05-cv-101-RLY-WGH has been treated a motion for relief pursuant to 28 U.S.C. § 2255 and assigned the above civil docket number.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996); see *Benefiel v. Davis,* 403 F.3d 825, 827 (7th Cir. 2005); *United States v. Lloyd,* 398 F.3d 978 (7th Cir. 2005). Thus,

> [a]nyone who files a "second or successive" application must start in the court of appeals, and any effort to begin in the district court must be dismissed for want of jurisdiction . . . .

*Benton v. Washington,* 106 F.3d 162, 165 (7th Cir.1996). Section 2244 has been described as "self-executing." *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). This means that a district court lacks all jurisdiction over such a matter until permission to file is granted by the Court of Appeals. *Id.*

Jimenez has already filed an action for relief pursuant to 28 U.S.C. § 2255, which reached an adjudication on the merits in No. 1:03-cv-1433-SEB-VSS through final judgment entered on the clerk's docket on March 12, 2004. The present action is another attempt to

collaterally challenge the sentence. However, it is presented without authorization from the Court of Appeals to do so. The fact that the defendant relies on the ruling in *United States v. Booker,* 125 S. Ct. 738 (2005), does not exempt him from the application of § 2244(b). *In re Olopade,* 403 F.3d 159, 161 n.2 (3rd Cir. 2005)(noting that petitioner's motion, regardless of being premised on *Booker*, constituted a second or successive motion that would first have to be authorized by the Court of Appeals). Accordingly, the action must be dismissed for lack of jurisdiction and the action summarily dismissed pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Court.*

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/17/2006

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana